IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| MICHAEL HOLT, | ) |
| Plaintiff, | ) |
| v. | ) No. 3:11-cv-1153 |
| | ) Judge Haynes |
| C.O. WILLIAMS, et al., | ) |
| Defendants. | ) |

MEMORANDUM

Plaintiff Michael Holt, a state prisoner, filed this pro se action under 42 U.S.C. § 1983 against the Defendants: C.O. Williams, C.O. Trooper, and Nurse Mary. Plaintiff's claims arise from his injuries on two occasions: (1) on September 12, 2010, when he fell five feet from his upper bunk onto his cell floor; and (2) the aggravation of these injuries on November 25, 2010 when his arm was caught in a sliding door that closed on him.

According to his complaint, on September 12, 2010 incident, Plaintiff alleges that he rolled from his bunk while sleeping and fell five feet to the floor. (Docket Entry No. 1, Complaint at 5). After the incident, Plaintiff asked to go to the prison medical clinic, but C.O. Trooper and Nurse Mary allegedly told him that his injuries were not an emergency. Id. According to Plaintiff, Nurse Mary told him to complete a sick call request and laughed at him the next morning after the incident. Id. In requesting relief, Plaintiff alleges that C.O. Trooper refused to obtain medical treatment after Plaintiff's injury on September 12, 2010. Id. Plaintiff alleges that a doctor examined him and allegedly suggested that Plaintiff file a legal action to secure adequate medical treatment. Id. According to the attachment to his complaint, between

September 15, 2010 and September 16, 2010, Plaintiff reported to the medical clinic and received an x-ray and medication. Id. at Attachment.

Plaintiff completed a grievance form about the incident and on November 9, 2010 received a response that an x-ray of Plaintiff's shoulder did not reveal a "significant injury" or fracture. Id. The response also noted that Plaintiff was ordered comfort medication. Id. Plaintiff appealed that response citing his severe pain and denial of his request for proper medical attention. Id. On November 17, 2010Plaintiff wrote the Director of Health Services at the Tennessee Department of Corrections. Id.

As to the November 25th incident, Plaintiff alleges that he became pinned in a sliding door and Defendant C.O. Williams took five to seven minutes to free him. (Docket Entry No. 1, Complaint at 5). According to Plaintiff, Defendant Williams acted as though the incident was funny. Id. Plaintiff completed an inmate grievance form on this incident contending that five days passed before the medical unit saw him and only after he submitted a sick call request. Id. Plaintiff further alleges a nurse informed him that he should file a grievance for the delay in being sent to the medical clinic. Id. at Attachment. On December 2, 2010, Plaintiff received a response to his grievance on this incident from the Director of Health Services. Id. Plaintiff then wrote the Tennessee Corrections Institute. Id.

In an attachment of his complaint, Plaintiff details his doctor's appointments for his back and shoulder injuries. Id. After a December 22, 2010 appointment, the medical clinic instructed Plaintiff to use an arm sling for daily use. Id. Plaintiff received medication after his appointment on June 8, 2011. Id.

Under the Prison Litigation Reform Act (PLRA), courts are required to conduct an initial screening of a prisoner's civil complaint if it is filed *in forma pauperis* or if it seeks redress from

a governmental entity or official, and to dismiss the complaint if it is determined to be frivolous or malicious, if it fails to state a claim on which relief may be granted, or if it seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A. The Court must construe a *pro se* plaintiff's complaint liberally, Boag v. McDougall, 454 U.S. 364, 365 (1982), and accept the plaintiff's allegations as true unless they are clearly irrational or wholly incredible. Denton v. Hernandez, 504 U.S. 25, 33 (1992).

Under the Eighth Amendment, prisoners have a right to medical care. The standard for deciding whether this right has been violated was stated as follows:

> [D]eliberate indifference to serious medical needs of prisoners constitutes the "unnecessary and wanton infliction of pain" proscribed by the Eighth Amendment. This is true whether the indifference is manifested by prison doctors in their response to the prisoner's needs or by prison guards in intentionally denying or delaying access to medical care or intentionally interfering with the treatment once prescribed. Regardless of how evidenced, deliberate indifference to a prisoner's serious illness or injury states a cause of action under § 1983.

Estelle v. Gamble, 429 U.S. 97, 104-05 (1976) (citation and footnotes omitted).

These standards were explained further by the Supreme Court stating that the action must be characterized as "repugnant to the conscience of mankind." 429 U.S. at 105. Yet, in the Sixth Circuit "[w]here a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims which sound in state tort law." Westlake v. Lucas, 537 F.2d 857, 860 n.5 (6th Cir. 1976). Yet, "medical attention rendered may be so woefully inadequate as to amount to no treatment at all." Id. In Estelle, the prisoner had been examined on seventeen (17) occasions and the Supreme Court found that a failure to take an x-ray and to perform other diagnostic tests represented a claim for negligence. The Supreme Court made it

clear that a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid Eighth Amendment claim. 429 U.S. at 105-06.

This Eighth Amendment claims has objective and subjective components. In <u>Helling v. McKinney</u>, 509 U.S. 25 (1993), the Supreme Court held that prisoners' exposure to environmental tobacco smoke stated an Eighth Amendment claim, satisfying both objective and subjective components for this Eighth Amendment claim. As to the objective component, i.e., a serious medical condition, the Court noted that there can be multiple instances in which prisoners would not be required to manifest symptoms of a disease before they would be entitled to protection from exposure such as communicable diseases, unsafe drinking water, hepatitis and venereal disease. Other instances include exposure to exposed electrical wiring, deficient fire-fighting measures, and mingling of inmates with serious contagious diseases. <u>Id</u>. at 32.

The Court then explained the objective and subjective factors for this type of Eighth Amendment claim.

> Also with respect to the objective factor, determining whether McKinney's conditions of confinement violates the Eighth Amendment requires <u>more than a scientific and statistical inquiry into the seriousness of the potential harm and the likelihood that such injury to health will actually be caused by exposure to ETS. It also requires a court to assess whether society considers the risk that the prisoner complains of to be so grave that it violates contemporary standards of decency to expose anyone unwilling to such a risk. In other words, the prisoner must show that the risk of which he complains is not one that today's society chooses to tolerate.</u>
>
> <u>On remand, the subjective factor, deliberate indifference, should be determined in light of the prison authorities' current attitudes and conduct, which may have changed considerably since the judgment of the Court of Appeals</u>. Indeed, the adoption of the smoking policy mentioned above will bear heavily on the inquiry into deliberate indifference. In this respect we note that at oral argument McKinney's counsel was of the view that depending on how the new policy was administered, it could be very difficult to demonstrate that prison authorities are ignoring the possible dangers posed by ETS. . . . The inquiry into this factor also would be an appropriate vehicle to consider arguments regarding to the realities of prison administration.

Id. at 36 (emphasis added).

This objective element of this Eighth Amendment claim is that there must be "a serious medical" condition. Yet, under Helling, there must be a showing of a current harm or that the medical complaint or condition of confinement "is sure or very likely to cause serious illness and needless suffering" or exposes inmates "to a serious, communicable disease." 509 U.S. at 33. This Circuit requires a showing that the prisoner's medical condition be not only serious, but obvious to correctional officers and requiring immediate medical attention. Inmates, Washington County Jail v. England, 516 F. Supp. 132, 139 (E.D. Tenn. 1980), aff'd without op., 659 F.2d 1081 (6th Cir. 1981). Moreover, other courts have noted that "[a] 'serious' medical need is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." Laaman v. Helgemoe, 437 F. Supp. 269, 311 (D. N.H. 1977) (citations omitted).

Here, Plaintiff acknowledges that he was seen by a physician after the September 12th and November 25th incidents. Plaintiff concedes that he received an x-ray that did not reveal any significant injury or fracture of his shoulder. Plaintiff was given medication for his pain, and attachments to Plaintiff's complaint reflect that Plaintiff was instructed to use an arm sling. Plaintiff has not alleged any facts that any alleged delays in his medical care caused any injury to him. These factual circumstances do not reflect deliberate indifference to a serious medical need.

Plaintiff's allegations of the Defendants' laughter and unprofessional behavior following the incidents are also insufficient to state an Eighth Amendment violation. Mere "verbal abuse" and "harassment" have been held not to state Eighth Amendment claims. Ivey v. Wilson, 832 F.2d 950, 955 (6th Cir. 1987).

For these reasons, the Court concludes that Plaintiff's complaint fails to state claims for relief and should be dismissed.

An appropriate Order is filed herewith.

**ENTERED** this the 10th day of December, 2013.

William J. Haynes, Jr.
United States District Judge